**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Devin Branch, et al.,** )                              | CASE NO. 1:17 CV 385 |
| )                                                                  | |
| **Plaintiff,** )                                          | JUDGE PATRICIA A. GAUGHAN |
| )                                                                  | |
| **Vs.** )                                                 | |
| )                                                                  | |
| **Christopher Pitts, et al,** )                           | **Memorandum of Opinion and Order** |
| )                                                                  | |
| **Defendant.** )                                          | |

## INTRODUCTION

This is an action originally filed in state court involving the "rights" to certain city council seats in the City of East Cleveland. Third-party plaintiffs removed this matter based on the contents of the third-party complaint. This Court has an inherent duty to ensure jurisdiction with respect to the cases over which it presides. Having reviewed the notice of removal, the Court finds that federal jurisdiction is lacking. Therefore, the Court *sua sponte* remands this matter to state court.

## FACTS

Plaintiffs, Devin Branch, Kelvin Erby, and Tracy Udrija-Peters, filed a verified complaint

1

in the state court of appeals seeking writs of quo warranto and mandamus against defendants, Christopher Pitts, Earnest Smith, Khadijah Guy, Brandon King, Willa Hemmons, Belinda Kyle, and Joie Graham.  The complaint alleges wrongdoing in connection with the appointment of certain members to the East Cleveland City Council.  According to plaintiffs, defendants are refusing to acknowledge plaintiffs as duly-appointed city council members and have refused to remit payment to them for their duties.  According to plaintiffs, council properly appointed them pursuant to the city charter.

The state court of appeals set an expedited briefing schedule to resolve this matter. Defendants filed a notice of removal thereby removing this matter to this Court.  According to the notice of removal, federal jurisdiction exists based on a third-party complaint that third-party plaintiffs intended to file in this Court.  *See*, ECF 1 ("Respondents/Third-Party Petitioners are filing a Third-Party Complaint in this Court; Said action is in part predicated on alleged violations of Respondents'/Third-Party Petitioners' [rights arising under federal statutes and the United States Constituion.]").  At the time third-party plaintiffs removed this action, no third-party complaint was pending in state court.  Rather, the third-party plaintiffs filed the third-party complaint in this Court *after* removing this action from state court.

**ANALYSIS**

It is well-settled that this Court must assess jurisdiction at the moment of removal.  *See, Wisonsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 390 (1998)("for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court—prior to the time the defendants filed their answer in federal court") *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938).  Here, the notice of removal does not purport to base federal

jurisdiction on any claim arising on the face of the verified complaint filed by plaintiffs in state court. Rather, the notice of removal expressly invokes the Court's jurisdiction based on a third-party complaint that did not exist at the time the notice of removal was filed. Accordingly, the Court finds that this action was improvidently removed and remand is required.[1]

**CONCLUSION**

For the foregoing reasons, the Court *sua sponte* remands this matter to state court.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
     PATRICIA A. GAUGHAN
     United States District Judge

Dated: 3/3/17

---

[1] Although the Court need not reach the issue, the Court doubts whether removal would have been proper even if the third-party plaintiffs had filed the third-party complaint in state court prior to removal. The removal statute, *i.e.*, 28 U.S.C. § 1441(a), provides that "the defendants" may remove a case to this Court. That phrase is strictly construed. *See, e.g., First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002)(noting with approval that "[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal" under § 1441(a)). Thus, the Court is not convinced that defendants, in their capacity as third-party plaintiffs, could properly remove the matter.

3